IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Ramone Kullum, as Special Administrator for Raymond Kellum, | ) | |
| *Plaintiff,* | ) | 20-cv-3795 |
| -*vs*- | ) | Judge Perry |
| Thomas Dart, Sheriff of Cook County, and Cook County, Illinois | ) | |
| *Defendants.* | ) | |

**PLAINTIFF'S OPPOSED MOTION TO STRIKE DEADLINE TO FILE FEE PETITION AND STAY THE ISSUE OF FEES AND COSTS PENDING APPEAL**

Plaintiff Ramone Kullum, by counsel, moves the Court to strike the September 18, 2026 deadline to file a fee petition and stay the issue of fees and costs and to stay proceedings regarding fees until the Seventh Circuit resolved defendants' appeal.

Grounds for this motion are as follows:

1. On August 13, 2026, the Court set September 18, 2026, as the deadline for plaintiff to file a petition for attorney's fees. Dkt. 218.

2. Since entry of that order, the parties have made little progress in complying with Local Rule 54.3 because they have reached a fundamental legal impasse regarding the applicability of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(d), to plaintiff's request for attorney's fees.

3. Plaintiff maintains that the PLRA's fee limitations do not apply. The claims tried before the jury arose when Mr. Kellum was not confined in a "jail, prison, or other correctional facility." See 42 U.S.C. § 1997e(d)(1). At the time this action was filed, Mr.

Kellum was on electronic monitoring and ordered to remain at his sister's residence. During the Local Rule 54.3 conferral process, defendants asserted that electronic monitoring at a private residence constitutes confinement in a "jail, prison, or other correctional facility" within the meaning of the PLRA. Plaintiff is unaware of any authority supporting that position, which is contrary to the statute's plain language.

4. Plaintiff also maintains that defendants waived reliance on the PLRA. During the March 4, 2026 status hearing, defendants represented that they would not raise PLRA issues in response to the amended complaint. Dkt. 142, Minute entry ("Defendants agree they will not raise PLRA issues in response to the amended complaint based upon those claims which are being dismissed."). Plaintiff believes defendants' present position is inconsistent with that representation.

5. Because of this dispute, defendants have refused to propose reasonable hourly rates for plaintiff's counsel or paralegal, instead maintaining that any fee award is limited to the hourly rate established under 18 U.S.C. § 3006A. Defendants likewise lack authority to make any settlement proposal concerning attorney's fees.

6. Defendants have now appealed the judgment. The attorney's fees and costs incurred by plaintiff necessarily will continue to increase during the appellate proceedings.

7. Under these circumstances, requiring the parties to complete the Local Rule 54.3 process and litigate a fee petition now would be inefficient and likely require duplication of effort after the appeal concludes. Judicial economy is better served by staying all fee proceedings until the Seventh Circuit resolves defendants' appeal. If the judgment is affirmed, the parties can then conduct a single Local Rule 54.3 process encompassing all recoverable trial and appellate fees and costs.

8. During a telephone conference on September 1, 2026, defendants' counsel, Kristin Lindemann, suggested staying the fee proceedings pending appeal. After considering that proposal, plaintiff agreed that such a stay would promote judicial economy. Plaintiff shared a draft motion with defense counsel on September 3, 2026. Defense counsel reviewed this motion, and the parties subsequently had a telephone during the afternoon of September 3, 2026, where defense counsel stated this motion, as drafted, is opposed.

WHEREFORE, plaintiff respectfully requests that the Court strike the September 18, 2026 deadline to file a petition for attorney's fees and costs, stay all proceedings concerning attorney's fees and costs pending resolution of defendants' appeal, and direct the parties to file a joint status report within seven days after the Seventh Circuit issues its mandate proposing a schedule to conduct the Local Rule 54.3 process, if appropriate.

Respectfully submitted,

/s/ Patrick Morrissey
Thomas G. Morrissey, Ltd.
10257 S. Western Ave.
Chicago, IL 60643
(773) 233-7901
pwm@morrisseylawchicago.com
*Attorney for the plaintiff*